UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR HUMBERTO GARCIA-MEJIA, | ) | 1:07-cv-00783-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | CORRECT FILED CIVIL ACTION |
| vs. | ) | |
| | ) | |
| CHARLES R. GILKEY, et al., | ) | (Doc. 11) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Oscar Humberto Garcia-Mejia ("plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On August 7, 2007, plaintiff filed a motion for the court to make a correction to his filed civil actions. Plaintiff has filed two civil rights actions which are currently pending at this court. In this order, the court shall address plaintiff's motion as to the this action only.

Plaintiff filed the complaint in this action on May 29, 2007. Plaintiff alleges that he intended to commence a civil rights action pursuant to 42 U.S.C. §1983, but the court opened the case as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff admits that he used the form for a Bivens complaint but states that he crossed out the reference to a Bivens action and replaced it with a reference to a § 1983 action. Plaintiff expresses concern that defendants in this action, who are employees at California City Correctional

1

Center ("CCCC"), cannot be sued under <u>Bivens</u> because the CCCC operates under the authority and control of the Corrections Corporation of America ("CCA"), which is a private contractor and not a federal agency. He requests that the court make a correction by changing the designation of his case from a <u>Bivens</u> action to a § 1983 action.

A civil rights action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) provides a remedy for violation of civil rights by federal actors. Plaintiff alleges that this suit is brought pursuant to 42 U.S.C. § 1983. However, § 1983 applies to actions or omissions by state actors. Because the CCCC, where the events at issue allegedly occurred, houses federal prisoners via a contract between the CCA and the Bureau of Prisons, which is a federal agency, plaintiff's suit is properly brought via a <u>Bivens</u> action, not a § 1983 action. Therefore, plaintiff's motion to make a correction shall be denied.

Based on the foregoing, plaintiff's motion for the court to make a correction to this action is DENIED.

IT IS SO ORDERED.

Dated: **March 20, 2008**             /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

2