**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR HUMBERTO GARCIA-MEJIA, | 1:07-cv-00783-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| GILKEY, et al., | (Doc. 17) |
| Defendants. | |

Oscar Humberto Garcia-Mejia ("Plaintiff") is a federal prisoner proceeding pro se in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

Plaintiff initially filed the instant action on May 29, 2007. (Doc. 1.) Plaintiff's motion to proceed in forma pauperis was granted on August 27, 2007. (Doc. 12.) On October 10, 2007, Plaintiff filed his first amended complaint, which is now before the Court for screening. (Doc. 17.)

**A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
2  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
4  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
5  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §1915(e)(2)(B)(ii).
6        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the Court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       **B.    Summary of Plaintiff's Complaint**

16       The latest information this Court has is that Plaintiff is a federal prisoner currently in
17 custody at the Federal Detention Center in Oakdale, Louisiana.  However, Plaintiff's claims are
18 before this Court as they involve allegations which occurred at California Institute California
19 City ("CICC").  Plaintiff names twenty seven (27) defendants.
20       The Court notes that a number of Plaintiff's claims in this case are identical to those
21 raised and screened in a separate action Plaintiff filed in this district – Garcia-Mejia v. Gilkey, et
22 al. 1:07-cv-915-OWW-GSA (PC) ("07-cv-915").  This Court issued a detailed screening order in
23 07-cv-915 wherein Plaintiff's related claims were allowed to proceed and a number of Plaintiff's
24 claims were dismissed without prejudice as unrelated and in violation of Federal Rule of Civil
25 Procedure 18(a).  "Plaintiffs generally have 'no right to maintain two separate actions involving
26 the same subject matter at the same time in the same court and against the same defendant.'"
27 Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting
28 Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1 1977)(en banc)).  "[A] suit is duplicative if the

claims, parties, and available relief do not significantly differ between the two actions." Id. at 689.  Further, ". . . multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff states some allegations in this action that are identical to those raised in 07-915. The Court has selected one set of Plaintiff's allegations in this action that do not appear to be related and/or identical to his allegations which were addressed in the screening order in 07-915.

Plaintiff is advised that, he will be given opportunity to file an amended complaint wherein he may clarify any basis upon which he believes that various of his claims in the present action are not identical to those raised in 07-cv-915.  However, he is strongly cautioned that any claims in a second amended complaint in this case, that are found to be identical to those raised in 07-cv-915, and not found to meet the requirements of Rule 18(a) in this action, will be dismissed and will be counted as strikes such that he may be barred from filing in forma pauperis in the future.  Plaintiff's allegations regarding restrictions on his visitation rights, in this case, appear to be related.  Thus, the Court screens Plaintiff's factual allegations regarding restrictions on his visitation rights.

Plaintiff does not delineate which of his constitutional rights he feels have been violated. Rather, he presents his "Statement of Claims" as a series of events detailing multiple interactions with multiple prison staff on various issues.  It is difficult at best to decipher which of his rights under the U.S. Constitution Plaintiff contends were violated.  The manner in which Plaintiff words his complaint also makes it very difficult for the Court to ascertain which facts and surnamed prison staff are included for allegation purposes versus contextual background.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see</u> <u>also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

As previously stated, the manner in which Plaintiff's complaint is organized does not provide a short and plain statement of his claim(s) against any given defendant. Thus, Plaintiff's complaint does not comply with Rule 8. Further, in order to adequately state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

4

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names a number of defendants that he fails to mention within the body of his "Statement of Claims." Conversely, Plaintiff also mentions a number of prison staff within the body of his "Statement of Claims" whom he failed to name/identify as defendants. Further, Plaintiff fails to distinguish which of his constitutional rights he feels were violated by any given defendant. Plaintiff must appropriately identify all persons whom he intends to pursue as a defendant in this action and specify defendant(s) he feels are responsible for any given violation(s) of his constitutional rights.

### D. Claims for Relief

#### 1. *Visitation and Procedural Due Process*

Plaintiff alleges that his visitation with his brother was wrongfully curtailed.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

"It is well established that a parent has a 'fundamental liberty interest' in 'the companionship and society of his or her child' and that '[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. § ]1983.' Kelson v. City of Springfield 767 F.2d 651, 654-55 (9th Cir. 1985) (citing Santosky v. Kramer 455 U.S. 745, 753 (1982) '[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents.' Smith v. City of Fontana 818 f.2d 1411, 1418 (9th Cir. 1987) overruled on other grounds by Hodges-Durgin v. de la Vina 199 F.3d 1037 (9th Cir. 1999). Moreover, 'the First Amendment protects those relationships, including family relationships, that presuppose "deep attachments and commitments to the necessarily few other individuals with whom one shares not only a

5

special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life."' <u>Board of Dir. v. Rotary Club</u> 481 U.S. 537, 545 (1987) (quoting <u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 619-20 (1984); see also <u>Conti v. City of Fremont</u>, 919 F.2d 1385, 1388-1389 (9th Cir. 1990)." <u>Lee v. City of Los Angeles</u> 250 F.3d 668, 685 (9th Cir. 2001).

Thus, Plaintiff has a fundamental liberty interest in his relationship with his brother that cannot be infringed on without due process of law. However, Plaintiff does not state allegations to show that the defendants acted in any fashion so as to restrict Plaintiff's visits with his brother. Rather, Plaintiff alleges that the reason his brother was not allowed to visit Plaintiff in April of 2006, was because his brother had not completely filled out and signed the "visiting form." (Doc. 17, pg. 23.) Plaintiff alleges that he responded to Defendant Juarez that "this cannot be possible" as his brother had been approved by the Bureau of Prisons ("BOP") at FCI Lompoc, he knows how to fill out a visiting form, and that CICC's forms are easier to fill out than forms from the BOP. Defendant Juarez told Plaintiff that CICC is stricter than FCI Lompoc, and that since Plaintiff had been re-designated twice, the next time he was re-designated Plaintiff would be transferred, so Plaintiff should wait until he arrived at his new facility – with which Plaintiff agreed. (<u>Id.</u>, pg. 24.) Plaintiff subsequently alleges that on July 14, 2005, Plaintiff mentioned to Defendant Otte that he noticed his brother was approved for visitation that date, which Defendant Otte confirmed. (<u>Id.</u>, pg. 80.) Neither of these instances allege any malfeasance by any of the defendants as the cause of Plaintiff's inability to visit with his brother so as to necessitate the imposition of procedural due process standards. Thus, Plaintiff fails to state a cognizable claim for violation of his rights to procedural due process.

### 2. *Visitation and Equal Protection*

Plaintiff alleges that his brother had been approved by the Bureau of Prisons ("BOP") at FCI Lompoc, but was not allowed to visit him that one instance in April of 2006 at CICC. An extremely liberal interpretation might construe this as an attempt to claim a violation of Plaintiff's rights under the Equal Protection Clause.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal

protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to allege: his membership in a suspect, or otherwise legally identifiable class; that he was intentionally treated differently from others incarcerated for similar commitment offenses; a lack of any rational basis for the difference in his visitation privileges between FCI Lompoc and CICC; and/or that any selective enforcement of restriction on his visitation privileges were based on an impermissible motive. Thus, Plaintiff fails to state a cognizable claim for violation of his rights to equal protection.

### 3. *Supervisorial Liability*

A number of defendants Plaintiff named in this action are supervisorial personnel. Plaintiff does not indicate whether he is suing any of the defendants in their individual capacity,

official capacity, or both.

Under the doctrine of sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). To the extent that federal officers are sued in their official capacity, such claims are barred by the doctrine of sovereign immunity. Gilbert v. DaCrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a Bivens action on the theory respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)(citations omitted).

Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

All of Plaintiff's claims against any of the named defendants in their official capacity are barred. Further, Plaintiff's related allegations have all been addressed herein above. He specifically fails to allege any facts to support a claim that any supervisorial defendant knew of any alleged violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black at 646.

## II. **CONCLUSION**

For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have

resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: **January 13, 2009**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE